WARNER, J.
 

 Appellant, Morgan Edwards, challenges his conviction for DUI manslaughter, claiming that the trial court erred in granting the state’s motion in limine excluding testimony of a toxicologist that the driver of the vehicle Edwards hit was also impaired. Because the testimony of the toxicologist was not relevant to the material issues in the case, the trial court did not err in granting the state’s motion. We affirm.
 

 Rosa Arroyo, her husband, and Victor Perez, their friend, had gone to a nightclub in downtown West Palm Beach one eve
 
 *448
 
 ning. Rosa was driving their vehicle west on Boynton Beach Boulevard, approaching the intersection at Congress Avenue. As she went through the intersection, her vehicle was hit in its midsection by Edwards’s vehicle, resulting in injuries to both Rosa and her husband. Mr. Perez was killed. A witness in the vehicle next to Rosa’s testified that when Rosa entered the intersection the light was green in her direction. A police officer walking just 100 feet from the intersection testified that the light on Congress, the road on which Edwards was travelling, was red. Furthermore, the accident investigator viewed a surveillance tape, from a gas station at the intersection, which showed a green light for Boynton Beach Boulevard at the time of the crash.
 

 Edwards was taken to the hospital for his injuries and to secure a blood test, which showed that his blood alcohol level was well over the legal limit. While there, Edwards told one of the investigating officers that he did not run a red light but the other driver did. That became his theory of defense.
 

 Prior to trial, the state moved to preclude Edwards’s use of an expert to extrapolate that Rosa’s blood alcohol level at the time of the crash was over the legal limit. The expert based his opinion on Rosa’s statements that she had consumed three drinks, which the expert determined contained two to three ounces of alcohol. Using this information, as well as Arroyo’s height and weight, the expert made a calculation of blood alcohol. The court granted the motion in limine on the grounds that the evidence would not be relevant and the testimony was speculative.
 

 At trial, the state’s witnesses all confirmed that Rosa had the green light. An accident reconstruction expert testified that Edwards was driving between 41 and 60 miles per hour when his vehicle hit Rosa’s car. The only evidence contradicting any of the state’s case was a statement that Edwards made that night to the effect that Rosa had run a red light. Not only did the eyewitnesses dispute that claim, but the officer in charge of the accident reconstruction testified that the physical evidence was inconsistent with that explanation. Edwards did not testify at trial but put on an investigator’s evidence regarding the timing of the lights at this intersection two years after the incident in question. After presentation of the evidence, Edwards was convicted as charged, prompting this appeal.
 

 Edwards argues that it was error for the court to preclude him from offering the expert evidence to show that Rosa was intoxicated at the time of the accident. The state argues that the court did not abuse its discretion, because the evidence was not relevant and was speculative. The standard of review of a trial court’s ruling on a motion in limine is abuse of discretion.
 
 Dessaure v. State,
 
 891 So.2d 455, 466 (Fla.2004). However, the trial court’s discretion is limited by the rules of evidence, and a trial court abuses its discretion if its ruling is based on an “erroneous view of the law or on a clearly erroneous assessment of the evidence.”
 
 McDuffie v. State,
 
 970 So.2d 312, 326 (Fla.2007) (quoting
 
 Cooter & Gell v. Hartmarx Corp.,
 
 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)). Every defendant is entitled to present any evidence that tends to support the defendant’s theory of defense.
 
 See Vannier v. State,
 
 714 So.2d 470, 472 (Fla. 4th DCA 1998). “[Wjhere evidence tends in any way, even indirectly, to establish a reasonable doubt of defendant’s guilt, it is error to deny its admission. § 90.404(2)(a), Fla. Stat. (1985). However, the admissibility of this evidence must be gauged by the same principle of relevancy as any other evidence offered by
 
 *449
 
 the defendant.”
 
 See Rivera v. State,
 
 561 So.2d 536, 539 (Fla.1990). “Relevant evidence is evidence tending to prove or disprove a material fact,” § 90.401, Fla. Stat.
 

 Edwards was charged with DUI manslaughter which requires the state to prove that a defendant operated a vehicle with a blood alcohol level in excess of the legal limit and by reason of such operation, “cause[d] or contribute[d]” to the death of another. § 316.193(3)(c)3., Fla. Stat. The state sought to prove that Edwards ran a red light, crashing into Rosa’s vehicle, and Edwards maintained as his theory of defense that he had the green light, or at least there was reasonable doubt on that issue.
 

 The material fact in dispute in this inter-sectional collision was who had the green light. Paraphrasing from
 
 Stires v. State,
 
 824 So.2d 943, 947 (Fla. 5th DCA 2002), another DUI manslaughter intersectional collision case, the proposition is this: “If [Edwards] had the green light, he did not cause or contribute to the crash and was not guilty of DUI manslaughter. If he ran the red light, he did cause the crash and was guilty of DUI manslaughter.”
 

 That Rosa may have been intoxicated does not tend to prove who had the green light at the intersection. The evidence of who had the green light was supplied by eyewitnesses, the physical evidence from the accident reconstruction, and the surveillance camera at the intersection. Therefore, we conclude that the trial court did not abuse its discretion in granting the motion in limine.
 

 We are unwilling to say that another driver’s intoxication could never be relevant in the prosecution of a defendant for DUI manslaughter. For example, if the only evidence in this case as to who had the green light were Rosa’s testimony and Edwards’s exculpatory statement, the evidence of Rosa’s alcohol consumption may have been relevant, because Rosa’s own perception may have been affected by it. Here, however, because there was ample, independent evidence other than Rosa’s testimony, even if the evidence of Rosa’s alcohol consumption were relevant, we would conclude its exclusion was harmless error.
 

 Edwards was not deprived of his defense. In fact, because the state elicited his exculpatory statement to officers the night of the incident, that the other vehicle ran the red light, the jury heard what might be an otherwise inadmissible statement supporting his defense had he tried to elicit the information from the officer in his case.
 
 See Cotton v. State,
 
 763 So.2d 437, 439 (Fla. 4th DCA 2000) (“When a defendant seeks to introduce his own out-of-court exculpatory statement for the truth of the matter stated, it is inadmissible hearsay.”). No abuse of discretion occurred in granting the state’s motion in limine.
 

 For these reasons, we affirm the conviction and sentence.
 

 DAMOORGIAN and LEVINE, JJ„ concur.